UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RANDY WILLIAMS,

                    Plaintiff,

v.

                                                                               9:13-CV-0582
                                                                                 (GTS/DEP)

DAVID ROCK, Superintendent, Upstate Corr. Facility;
and JOHN/JANE DOES, Corr. Officers Responsible
for Delivery of Ramadan Trays, Upstate Corr. Facility,

                    Defendants.
_____

APPEARANCES:                                                        OF COUNSEL:

RANDY WILLIAMS, 98-A-4232
  Plaintiff, *Pro Se*
Bare Hill Correctional Facility
P.O. Box 20
Malone, New York 12953

HON. ERIC T. SCHNEIDERMAN                      RICHARD LOMBARDO, ESQ.
Attorney General for the State of New York          Assistant Attorney General
  Counsel for Defendants
The Capitol
Albany, NY 12224

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

       Currently before the Court, in this *pro se* prisoner civil rights action filed by Randy

Williams ("Plaintiff") against the above-captioned individuals ("Defendants"), is United States

Magistrate David E. Peebles' Report-Recommendation recommending Defendants' motion to

dismiss for failure to state a claim be granted, that Plaintiff's claim under Religious

Land Use and Institutionalized Persons Act ("RLUIPA") be dismissed with prejudice, and that

his First Amendment free-exercise claim be dismissed if he fails to correct the pleading defects

in it through amendment. (Dkt. No. 35.) After receiving an extension of time in which to do so, Plaintiff filed an Objection, in which he challenged Magistrate Judge Peebles' finding that a 40-minute (or less) delay of five of his thirty Ramadan meals was only a *de minimis* violation of the First Amendment. (Dkt. No. 39.)

When a specific objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). When no objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id*.; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

Based upon a careful review of this matter, the Court can find no error in Magistrate Judge Peebles' *de minimis* finding, and no clear error any other portion of the Report-Recommendation. (Dkt. No. 35.) Magistrate Judge Peebles employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (*Id*.) As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons stated therein.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Peebles' Report-Recommendation (Dkt. No. 35) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motion to dismiss for failure to state a claim (Dkt. No. 23) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's RLUIPA claim is **DISMISSED with prejudice**; and it is further

**ORDERED** that Plaintiff's remaining claim (i.e., his free-exercise claim under the First Amendment) shall be **DISMISSED unless**, within **THIRTY (30) DAYS** of the date of this Decision and Order, Plaintiff files an Amended Complaint that corrects the pleading defects in that claim.

Dated: September 19, 2014
       Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge