IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

RANDY WILLIAMS,

                Plaintiff,        Civil Action No.
                                         9:13-CV-0582 (GTS/DEP)

   v.

LANCE LaROCK, *et al.*,

                Defendants.

---

APPEARANCES:                             OF COUNSEL:

FOR PLAINTIFF:

RANDY WILLIAMS, *Pro Se*
481 Madison Street
Brooklyn, NY 11221

FOR DEFENDANTS:

HON. ERIC T. SCHNEIDERMAN       RICHARD LOMBARDO, ESQ.
New York State Attorney General        Assistant Attorney General
The Capitol
Albany, NY 12224

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Randy Williams, a former New York State inmate, has commenced this civil rights action pursuant 42 U.S.C. § 1983 against three individuals employed by the New York State Department of Corrections and Community Supervision ("DOCCS") and stationed at the facility in which plaintiff was confined at the relevant times. In his amended complaint, plaintiff alleges that each of the named defendants violated his First Amendment right to freely exercise his chosen religion.

Currently pending before the court is a motion brought by the defendants seeking dismissal of plaintiff's amended complaint pursuant to Rules 37 and 41 of the Federal Rules of Civil Procedure based upon his failure to appear for deposition and to provide the required discovery. For the reasons set forth below, I recommend the motion be denied and the court instead issue an order directing plaintiff to appear for deposition.

I.   BACKGROUND

   A.   Facts Relevant to Plaintiff's Underlying Claim

Although he has since been released from the custody of the DOCCS, at the times relevant to his claims in this action, plaintiff was confined in the Upstate Correctional Facility ("Upstate"), located in Malone, New York. Dkt. No. 65 at 1. During August 2012, while at Upstate, plaintiff

was observing the Muslim holiday of Ramadan, which requires the abstention of all food and drink from sunrise to sundown. *Id.* Plaintiff alleges that on August 13-15, 2012, defendants Lance LaRock, Jason Marlow, and Jason Ferrick, all of whom are corrections officers stationed at the facility, failed to allow plaintiff to consume his evening meal after sunset. Dkt. No. 65 at 1-2. More specifically, he claims that those defendants delivered his meal two hours before sunset and required him to relinquish his dinner tray prior to sunset. *Id.* According to plaintiff, each of the defendants was aware of his fasting requirements during Ramadan. *Id.*

      B.      <u>Facts Relevant to Defendants' Pending Motion</u>

On March 16, 2017, the court issued a mandatory pretrial discovery and scheduling order in which defendants were granted leave to take plaintiff's deposition, and plaintiff was advised that his failure "to attend, be sworn, and answer appropriate questions may result in sanctions, including dismissal of the action pursuant to [Rule 37 of the Federal Rules of Civil Procedure]." Dkt. No. 77 at 4-5. In accordance with that order, defendants served plaintiff with a notice on May 12, 2017, informing him that his deposition would take place on July 10, 2017, at the Office of the Attorney General in Albany, New York. Dkt. No. 78 at 2; Dkt. No. 81-4 at

3

3-4. After receiving that notice, plaintiff wrote to the court on or about May 17, 2017, requesting that he "be allowed to proceed [in the action] based on the ample amount of documentation [he] already submitted to defendants[.]" Dkt. No. 79. In response, the court issued an order on May 22, 2017, granting plaintiff permission to rely upon prior documents provided to defendants to the extent plaintiff sought relief from serving mandatory disclosures under paragraph I.A.(1) of the pretrial scheduling order. Dkt. No. 80. Plaintiff's request was otherwise denied, however, as "unclear." *Id.* That was the last correspondence the court received from plaintiff in this matter. Plaintiff did not appear for his scheduled deposition on July 10, 2017. Dkt. No. 81-1 at 4.

On July 13, 2017, defendants filed the currently pending motion to dismiss plaintiff's amended complaint based upon his failure to appear for his deposition. Dkt. No. 81. Although plaintiff's opposition to the motion was due on August 7, 2017, *id.*, to date he has not responded.

II. DISCUSSION

The failure of a party to appear for a properly noticed deposition implicates two separate provisions of Rule 37 of the Federal Rules of Civil Procedure. Rule 37(b)(2) provides for a range of sanctions available to a court in the event of a failure to obey a discovery order. Fed. R. Civ. P.

37(b)(2); *S.E.C. v. Razmilovic*, 738 F.3d 14, 24 (2d Cir. 2013). Among those available sanctions is dismissal of an action, in whole or in part. Fed. R. Civ. P. 37(b)(2)(A)(v); *Razmilovic*, 738 F.3d at 24. In addition, Rule 37(d) permits the court to issue appropriate sanctions based upon the failure of a party to appear for deposition after being served with a proper notice. Fed. R. Civ. P. 37(d)(1)(A); *see Dixon v. Albany Cnty. Bd. of Elections*, No. 08-CV-0502, 2010 WL 1171225, at *2 (N.D.N.Y. Feb. 18, 2010) (Homer, M.J.), *report and recommendation adopted by* 2010 WL 1171483 (N.D.N.Y. Mar. 22, 2010) (Sharpe, J.), ("Rule 37(d) authorizes the same range of sanctions [offered in Rule 37(b)] against a party for failing to attend his or her deposition.").

The most severe sanctions permitted by Rule 37 for a disobedient party are the dismissal of his claims or entry of default; those sanctions should be ordered "only when the district judge has considered lesser alternatives." *S. New England Tel. Co. v. Global NAPs Inc.* ("*SNET*"), 624 F.3d 123, 144 (2d Cir. 2010). In *SNET*, the Second Circuit advised as follows concerning the imposition of sanctions:

> [S]everal factors may be useful in evaluating a district court's exercise of discretion to impose sanctions pursuant to this rule, including (1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of

> noncompliance; and (4) whether the non-compliant party had been warned of the consequences of noncompliance.

*SNET*, 624 F.3d at 144 (quotation marks and alterations omitted). District courts have "wide discretion in imposing sanctions under rule 37," and the factors listed above are not exclusive. *Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 135 (2d Cir. 2007); *accord, Razmilovic*, 738 F.3d at 25.

In addition to Rule 37, defendants' motion also implicates Rule 41(b) of the Federal Rules of Civil Procedure, which provides that a court may, in its discretion, order dismissal of an action based on a plaintiff's failure to prosecute or comply with an order of the court. Fed. R. Civ. P. 41(b); *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014); *Rodriguez v. Goord*, No. 04-CV-0358, 2007 WL 4246443, at *2 (N.D.N.Y. Nov. 27, 2007) (Scullin, J. *adopting report and recommendation by* Lowe, M.J.). That discretion should be exercised when necessary to "achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *see also Baptiste*, 768 F.3d at 217 (reiterating that dismissals pursuant to Rule 41(b) "are 'the harshest of sanctions'" (quoting *Mitchell v. Lyons Prof'l Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013)).

A determination of whether to dismiss an action pursuant to Rule 41(b) involves consideration of five specific factors, including (1) the duration of plaintiff's failure to comply with court orders; (2) whether plaintiff was on notice that failure to comply would result in dismissal; (3) whether defendant is likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *Baptiste*, 768 F.3d at 216; *see also Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 193 (2d Cir. 1999) (applying factors in a failure to prosecute action); *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (applying factors where a party failed to comply with order of court). "No single factor is generally dispositive." *Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994).

In this instance, plaintiff failed to comply with the court's pretrial scheduling order, which required him to submit to a deposition pursuant to a notice mailed to him at least fifteen days prior to the scheduled deposition date. Dkt. No. 77 at 4-5. Rule 37(d)(1)(B), however, requires a party requesting sanctions to demonstrate that it has made a good-faith effort to confer with the non-moving party prior to filing its motion for

sanctions. Fed. R. Civ. P. 37(d)(1)(B); *see also* N.D.N.Y. L.R. 7.1(d)(1) (requiring parties to "make good faith efforts among themselves to resolve or reduce all differences relating to discovery prior to seeking court intervention"). Although defendants' counsel indicates in his declaration submitted in support of the pending motion that the last correspondence or contact he had with plaintiff was on November 14, 2016, Dkt. No. 81-1 at 4, he has provided the court with no indication that defendants have attempted to resolve the conflict with plaintiff prior to filing their motion.

Because all deadlines in this case have been stayed pending a decision on the current motion, it is unclear how defendants are likely to be prejudiced by extending one final warning and opportunity for plaintiff to appear for his deposition. Although plaintiff has already once been put on notice that his failure to attend a properly noticed deposition could result in sanctions, including dismissal of his claim, Dkt. No. 77 at 4-5, the duration of plaintiff's absence and non-compliance has been minimal. When considering the other factors relevant to the issuance of sanctions pursuant to Rules 37 and 41, I conclude that the better course of action at this juncture is to provide plaintiff a final opportunity to appear for and participate in his deposition. Accordingly, I recommend that defendants' motion to dismiss be denied and plaintiff be directed to appear for a

properly noticed deposition. He is hereby cautioned, however, that his unexcused failure to comply with a proper notice of deposition will result in a recommendation from me to the assigned district judge that this action be dismissed.

III. SUMMARY AND RECOMMENDATION

While plaintiff's non-compliance with a properly noticed deposition could potentially give rise to dismissal of his amended complaint, because he is proceeding *pro se* and has participated in the discovery process to some degree, I recommend against the granting defendants' request for dismissal at this time. Instead, I recommend that the court issue a final warning to plaintiff regarding the consequences of his failure to participate in this action, including by attending his deposition.

Accordingly, it is hereby respectfully

RECOMMENDED that defendants' motion for dismissal of plaintiff's amended complaint pursuant to Rule 37 and Rule 41 of the Federal Rules of Civil Procedure (Dkt. No. 81) be DENIED without prejudice to renewal, but that the court issue an order directing plaintiff to appear for a properly noticed deposition and warning him that, in the event he fails to comply, the action will be dismissed.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report.[1] FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

Dated:     September 27, 2017
               Syracuse, New York

                                      _David E. Peebles_ (signature)
                                      David E. Peebles
                                      U.S. Magistrate Judge

---

[1] If you are proceeding *pro se* and are served with this Report and Recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report and Recommendation was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).

10